

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V.  § | No. 5:10-CR-82-C |
| § | |
| LAMESA IRRIGATION COMPANY § | |

## PLEA AGREEMENT

Lamesa Irrigation Company, defendant, George L. Thompson, III, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant:** Lamesa Irrigation Company understands that it has the right:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have its guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in its defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty:** Lamesa Irrigation Company waives these rights and agrees to a voluntary plea of guilty at a time to be set by the Court, before United States District Judge Sam R. Cummings, in Lubbock, Texas, to the offense alleged in the single count information, charging a violation of 18 U.S.C. §§ 287 and 2, False, Fictitious or Fraudulent Claims Made Upon or Against the United States and Aiding and Abetting. Lamesa Irrigation Company understands the nature and elements of

the crime to which it is pleading guilty, and agrees that the factual resume it has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalty the Court can impose includes:

   a. probation for a term of not more than five (5) years;

   b. a fine not more than $500,000.00, or twice any pecuniary gain to the defendant or loss to the victim;

   c. a mandatory special assessment of $400.00;

   d. restitution to victims or to the community, which may be mandatory under the law, and which Lamesa Irrigation Company agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   e. costs of supervision; and

   f. forfeiture of property.

4. **Court's sentencing discretion and role of the Guidelines:** Lamesa Irrigation Company understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines and the factors found in 18 U.S.C. § 3553(a). The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with its attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw its plea if its sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment:** Lamesa Irrigation Company agrees to pay to the U.S. District Clerk the amount of $400.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation:** Lamesa Irrigation Company shall give complete and truthful information and/or testimony concerning its participation in the offense of conviction. Upon demand, Lamesa Irrigation Company shall submit a financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding its capacity to satisfy any fines or restitution.

7. **Government's agreement:** The Government will not bring any additional charges against Lamesa Irrigation Company based upon the conduct underlying and related to Lamesa Irrigation Company's plea of guilty. The government will file a Plea Agreement Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Lamesa Irrigation Company or any property.

8. **Stipulations:** The United States and Defendant Lamesa Irrigation Company agree and stipulate for purposes of this plea agreement only as follows:

   a. This case involves an identifiable victim, specifically, Natural Resources Conservation Service (NRCS), an agency of the United States Department of Agriculture. Although there is an identifiable victim, the parties agree and stipulate that there is no

precise manner to calculate the exact loss amount. For this reason, the parties agree and stipulate that Lamesa Irrigation Company will pay $50,000.00 restitution in this case. This amount will be paid to the United States District Clerk's Office, Lubbock, Texas.

    b.    The parties agree and stipulate that Lamesa Irrigation Company and its managers, officers and board members will be debarred for a five (5) year period from participating in any Natural Resources Conservation Service programs, specifically including the Environmental Quality Incentives Program (EQIP) and Technical Service Provider (TSP) services, in its capacity as a business entity. This five (5) year debarment period from NRCS programs does not prohibit any of its managers, officers, or board members in their respective individual capacity, such as an individual farm producer, to participate in NRCS programs.

    9.    **Violation of agreement:**    Lamesa Irrigation Company understands that if it violates any provision of this agreement, or if its guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Lamesa Irrigation Company for all offenses of which it has knowledge. In such event, Lamesa Irrigation Company waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Lamesa Irrigation Company also waives objection to the use against it of any information or statements it has provided to the government, and any resulting leads.

    10.    **Voluntary plea:**    This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea

agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence:** Except as otherwise provided, Lamesa Irrigation Company hereby expressly waives its right to appeal its conviction and/or sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and the defendant further agrees not to contest her conviction and/or sentence in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. §§ 2241 and 2255. The defendant, however, reserves the right to (a) appeal any punishment imposed exceeding the statutory maximum, and (b) any claim based on ineffective assistance of counsel.

12. **Representation of counsel:** Lamesa Irrigation Company has thoroughly reviewed all legal and factual aspects of this case with its lawyer and is fully satisfied with that lawyer's legal representation. Lamesa Irrigation Company has received from its lawyer explanations satisfactory to it concerning each paragraph of this plea agreement, each of its rights affected by this agreement, and the alternatives available to it other than entering into this agreement. Because it concedes that it is guilty, and after conferring with its lawyer, Lamesa Irrigation Company has concluded that it is in its best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and

signed by all parties.

AGREED TO AND SIGNED this 13 day of December, 2010

JAMES T. JACKS
UNITED STATES ATTORNEY

_____
LAMESA IRRIGATION COMPANY
Defendant

_____
ANN C. ROBERTS
Assistant United States Attorney
Texas State Bar No. 24032102
1205 Texas Ave., Suite 700
Lubbock, Texas 79401
Telephone:   806.472.7397
Facsimile:   806.472.7324
E-Mail:      ann.roberts@usdoj.gov

By: _____
TERRY W. COLEMAN
Director and President of Lamesa Irrigation Company

_____
GEORGE L. THOMPSON, III
Attorney for Defendant

_____
DENISE WILLIAMS
Deputy Criminal Chief

## DEFENDANT'S CERTIFICATION

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

*[signature]*      12/13/10
LAMESA IRRIGATION COMPANY      DATE
Defendant

By: *[signature]*
TERRY W. COLEMAN
Director and President of Lamesa Irrigation Company


## ATTORNEY'S CERTIFICATION

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter this Plea Agreement is an informed and voluntary one.

*[signature]*      12/13/10
GEORGE L. THOMPSON, III      DATE
Attorney for Defendant